[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION FOR SUMMARY JUDGMENT
Since the issue before the Court involves a contract dispute, the choice of law determination is governed by Sections 6, 188 and 193 of the Restatement (Second). In the absence of a choice of law provision in the contract, the general rule to be applied is contained in Section 188. That section, however, in turn directs the Court to Section 193 because the contract involved is a liability insurance contract. Section 193 creates a rebuttable presumption that the law of the state in which the insured risk is located shall apply. See Bellavita v. Allstate InsuranceCompany, 1999 W.L. 643393 (Conn.Super. 1999) (Melville, J.) regarding the location of the insured risk when the insured risk is a motor vehicle. The insured risk in this case is the American Medical Response vehicle and the only evidence properly before the Court clearly indicates that the vehicle was registered, garaged and primarily operated in the State of Connecticut. See Exhibit C to Plaintiffs Memorandum of Law in Support of Opposition to Motion for Summary Judgment (Affidavit of Donald Musgrave). This is consistent with the Employer's [American Medical Response] First Report of Occupational Injury or Disease (Exhibit E to Plaintiffs Memorandum of Law in Support of Opposition to Motion for Summary Judgment) indicating (i) a Connecticut business address for American Medical Response, and (ii) that the Plaintiff worked out of the CT Page 4864-bt Stafford Springs department. By way of contrast, the Defendant presents nothing more than an unsubstantiated claim in its memorandum of law in support of its motion for summary judgment that the vehicle was garaged in the Commonwealth of Massachusetts. The Court cannot consider unsubstantiated allegations. The Court finds that there exists a genuine issue of material fact as to the location of the insured risk. From what appears that is properly before the Court, the location of the insured risk would seem to be Connecticut.
But for the isolated circumstance that the accident occurred in Massachusetts, the Defendant presents no Persuasive evidence that the interests of the Commonwealth of Massachusetts outweigh Connecticut's interest in this matter. The Defendant appears to maintain its principal offices in Pennsylvania; it provides coverage to American Medical Response in many jurisdictions (including Connecticut); there is no evidence that the Defendant and the insured negotiated the insurance contract in Massachusetts or that premiums were paid or received there; the insured maintains a business address in Connecticut and garages the subject vehicle in Connecticut; the plaintiff is a Connecticut resident, works out of one of American Medical Response's Connecticut locations, responds to calls in Connecticut and, having being injured, received Worker's Compensation benefits pursuant to Connecticut law (in fact, the Defendant is the Worker's Compensation carrier for American Medical Response through whom the Plaintiff has received his Worker's Compensation benefits). The Defendant attaches the affidavit of John Gribbin as Exhibit 4 to its supporting memorandum of law and claims that it "was the intent of American Medical Response to reject underinsured Motorist coverage for losses occurring in the State of Massachusetts."See Affidavit, ¶ 4. The Affidavit does not indicate Mr. Gribbin's identity and, therefore, the Court cannot presume to know what knowledge he has regarding American Medical Response's intent as to applicable coverage in this matter (indeed, from the fact that the affidavit appears to have been executed in Pennsylvania where the Defendant maintains its offices, one might logically conclude that Mr. Gribbin is a representative of the Defendant and not American Medical Response, hence casting serious doubt as to his knowledge regarding American Medical Response's intent and expectations). The Court has considered all of the criteria contained in Section 6 of the Restatement (Second) and does not find that the interest of any other state outweighs the interest of the State of Connecticut (where the insured risk is located) so as to overcome the Section 193 presumption. Accordingly, the Motion is denied.
BY: Solomon, J. CT Page 4864-bu